IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN JACKSON,

                Petitioner,                OPINION AND ORDER

v.

                                                      18-cv-862-wmc

MATTHEW MARSKE,

                Respondent.

---

Petitioner Kevin Jackson, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In particular, he is seeking an order directing the Bureau of Prisons ("BOP") to credit him for time served in federal prison that it has not currently taken into account. On December 7, 2018, Respondent Matthew Marske responded to the petition per the court's November 30, 2018, order, specifically agreeing that since Jackson is challenging his initial sentence, this matter is most appropriately characterized as a motion to vacate under 28 U.S.C. § 2255. (Dkt. #6.) *See Carnine v. United States*, 974 F.3d 924, 927 (7th Cir. 1992) (where errors occurred at or prior to sentences, proper remedy was under § 2255, not § 2241). Respondent further represents that the government does not object to this court (1) converting the action to one brought under § 2255 and (2) transferring it to the Northern District of Illinois.

Given that time is of the essence for the reasons indicated in the court's previous order, the court adopts this course of action, and it will convert and transfer this action accordingly.[1]

ORDER

IT IS ORDERED that:

1. This matter is converted into an action brought under 28 U.S.C. § 2255.

2. This matter is TRANSFERRED on an expedited basis to the Northern District of Illinois for further proceedings.

Entered this 10th day of December, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Ordinarily, before the court would formally convert this action into a § 2255 motion, it would give petitioner additional notice and an opportunity to choose whether to withdraw his petition altogether, or amend it, since the law allows him only one opportunity to file for postconviction relief without obtaining the advance approval of the court of appeals. *See Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001). That further step is unnecessary here, given that: Jackson's primary, expressed interest is in expedited review of his petition; he received notice along with the government of this planned approach and has not objected; and his filings to date indicate that he is *only* interested in pursuing this claim for relief.

2